IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES S. STRINGER, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | CIVIL COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| THE PITTSBURGH POLICE and OFFICER DAVID SISAK, and John Doe Police Officers, | ) ) ) ) | |
| Defendants. | ) | |

COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, by and through counsel, Erik M. Yurkovich, Esq., who files this Complaint based on the following.

I. PARTIES

1. The Plaintiff is James S. Stringer an adult black male who resides 41 Waldorf Street, Pittsburgh PA 15214, P.O. Box 99582.

2. The Defendant is the City of Pittsburgh Police (Zone 5) and John Doe Police Officers of the Pittsburgh Police Bureau located at 1203 Western Ave., Pittsburgh PAS 15233 (T:412.323.7800). Plaintiff reserves the right to amend his complaint to add the identity of said officers once their identity becomes known to him.

3. The Defendant is Officer David Sisak who is sued personally and officially and can located at Zone 5 Police Station, 1401 Washington Blvd. Pittsburgh PA 15206 T:412-665-3605.

## II. JURISDICTION

4. This Court has jurisdiction over this case pursuant to Title 42 U.S.C. § 1983. Defendant deprived Plaintiff of his Fourth (4th) Amendment Rights, to wit, Plaintiff was unlawfully arrested, jailed, prosecuted, and had his personal property seized. Defendant deprived Plaintiff of Equal Protection of the Laws in violation of the Fourteenth (14th) Amendment due to his race and the race of the Defendants. Plaintiff deprived Plaintiff of his First (1st) Amendment right and retaliated against his exercise of free speech. This Court also has pendent Jurisdiction over False Arrest and Malicious Prosecution state claims.

## III. FACTS

5. On October 10, 2006 Plaintiff lawfully purchased a 1992 Mercury Sable Station wagon from Goodwill Industries of America.

6. On or about Thursday, November 2, 2006, Plaintiff was driving said vehicle in the City of Pittsburgh.

7. City of Pittsburgh Police Officer, David Sisak, followed and stopped Plaintiff because of his race.

8. Plaintiff quickly stopped.

9. Plaintiff provided his Drivers license, insurance and temporary registration (pink slip) and sales receipt.

10. Plaintiff asked why he was stopped.

11. Sisak said his "plate [was] dead."

12. Plaintiff complained that his license plate was valid and that he should be permitted to leave.

13. Other unknown City of Pittsburgh police officers arrived on the scene.

14. Officer Sisak and the officers arrested Plaintiff for a "Dead Plate."

15. Plaintiff was restrained.

16. Defendants searched Plaintiff's vehicle.

17. Plaintiff was transported to Allegheny County Jail (ACJ) at 10:00 p.m.

18. Plaintiff was arraigned two (2) days later, Saturday, November 4, 2006.

19. On November 4, 2006, Plaintiff was permitted to call friend, Debbie Rankin.

20. On November 4, 2006, City/County officers discovered a prior warrant from the Family Division of Washington Co. for child support.

21. On Saturday, November 4, 2006, bail was set (2010 %).

22. On Sunday November 5, 2006, Plaintiff met with counsel, a paralegal.

23. On November 9, 2006, Plaintiff was provided a preliminary hearing.

24. On November 13, 2006, Plaintiff was provided a second preliminary hearing.

25. On Tuesday November 14, 2006, Washington Co. officers took Plaintiff to Washington Co.

26. On November 16, 2008, Plaintiff paid fines to Washington Co. and was finally released by officials.

27. On November 17, 2006, The DMV verified Plaintiff's paperwork and license plate were valid.

28. Plaintiff received his formal registration on November 27, 2006.

29. Plaintiff provided his paperwork to the District Attorney on February 14, 2007 at a hearing.

30. Siska did not appear.

3

31. The cased was dismissed.

## IV. VIOLATIONS

32. All Defendants violated Title 42 U.S.C. §1983, as they acted under color of state law, and have acted in a manner depriving Plaintiff's of their constitutionally protected rights and causing Plaintiff's irreparable injury.

33. Defendant Police Officer have violated Plaintiffs Fourth Amendment Rights (warrant less search and seizure without probable cause) and Fourteenth Amendment Rights (Equal protection of the laws) due to his race and the race of the police officers (white).

34. Defendant Police Officers stopped Plaintiff because of his race.

35. Defendant police officers unlawfully seized Plaintiff's person and arrested Plaintiff because of his race.

36. Defendant police officers unlawfully jailed Plaintiff because of his race.

37. Defendant police officers unlawfully seized Plaintiff's property because of his race.

38. Defendant Police Officers unlawfully performed a False Arrest and a Malicious Prosecution of Plaintiff because of his race after they knoew or should have known Plaintiff's license was valid.

39. All charges against Plaintiff were dismissed because he at all ties acted lawfully.

40. The Customs and policies of the City fo Pittsurgh Police Deapartment directly and irreparabkly injured Plaintiff.

41. Plaintiffs reserve the right to amend this complaint to add facts and claims as they become apparent.

WHEREFORE Plaintiffs prays for a judgment against the Defendants for money and for such other relief as the Honorable Court deems just.

JURY TRIAL DEMANDED

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
Attorney at Law
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199

Attorney for Plaintiff