IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES S. STRINGER,              )
                                )
         Plaintiff,             )
                                )
v.                              )   Civil Action No. 08-1051
                                )
THE PITTSBURGH POLICE,          )
OFFICER DAVID M. SISAK, and     )
JOHN DOE POLICE OFFICERS,       )
                                )
         Defendants.            )

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                    February 25, 2010

This is a civil rights case. Plaintiff, James S. Stringer, acting pro se, brings this action pursuant to 42 U.S.C. § 1983 ("section 1983") against defendants, the Pittsburgh Bureau of Police (the "Pittsburgh Police"), Officer David M. Sisak, and John Doe Police Officers, stemming from an arrest that took place on November 2, 2006. [Doc. No. 1]. Plaintiff alleges that defendants Officer Sisak and John Doe Police Officers arrested plaintiff and searched his vehicle on the basis of his race, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution.[1] Plaintiff alleges that defendant

---

[1]

We note that neither plaintiff nor defendants mention a First Amendment claim in their summary judgment briefs. However, in one sentence of the complaint, plaintiff alleges that defendants "deprived Plaintiff of his First (1st) Amendment right [sic] and retaliated against his exercise of free speech." [Id. at p. 2, ¶ 4]. Nowhere else in plaintiff's complaint is a First Amendment claim mentioned or alluded to, and plaintiff has made no allegations regarding how his First Amendment rights were violated. Plaintiff has also failed to

Pittsburgh Police was responsible for Officer Sisak's and Joe Doe Police Officers' actions because of its customs and policies in racial profiling. Plaintiff also asserts claims for false arrest and malicious prosecution pursuant to Pennsylvania law. Plaintiff seeks monetary damages.

Defendants deny the allegations and have filed a joint motion for summary judgment as to plaintiff's federal claims pursuant to Federal Rule of Civil Procedure 56. [Doc. No. 23]. Defendants contend that plaintiff has failed to establish any constitutional violation, and even if he had, that Officer Sisak is entitled to qualified immunity, and the Pittsburgh Police, as a department, is not a proper defendant in this lawsuit.

For the reasons that follow, defendants' motion will be granted, and plaintiff's state law claims will be dismissed.

I.   JURISDICTION

Because plaintiff brings his complaint under 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have jurisdiction over plaintiff's state law

---

provide any evidence regarding those violations. Accordingly, to the extent that plaintiff ever raised a First Amendment claim and has not already abandoned it, we dismiss that claim with prejudice.

claims pursuant to 28 U.S.C. § 1367(a)("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy under Article II of the United States Constitution.").

II. BACKGROUND

In this case, as with all cases, especially where the plaintiff is proceeding pro se, this court put plaintiff on notice of the briefing and other litigation responsibilities that commonly arise during the course of a lawsuit. Nevertheless, plaintiff failed to admit or deny each fact set forth in defendants' concise statement of material facts as required by the local rules and this court's practices. See LCvR 56.C.1. Instead, plaintiff filed his own statement of material facts without citing to any record evidence to substantiate his claims. [See Doc. No. 31]. For these reasons, the court will treat the facts as set forth in defendants' concise statement of material facts and supported by the evidence of record as if they are unopposed.

A. The Traffic Stop & Arrest

The undisputed evidence of record reveals the following facts. On November 2, 2006, Officer Sisak was on duty in uniform and driving a marked police vehicle performing routine patrol

duties for the Pittsburgh Police. At approximately 8:30 p.m., while on patrol on Friendship Avenue in Pittsburgh, Pennsylvania, Officer Sisak ran the license plate of plaintiff's Mercury Sable through an index system, accessing the Pennsylvania Department of Transportation. From this, Officer Sisak learned that the license plate on the Mercury Sable was a "dead plate," a license plate that belonged to a Ford vehicle and that had a May of 2007 sticker on it.

Based on this information, Officer Sisak activated his lights and siren and pulled the Mercury Sable over at the intersection of Edmonds Street and Friendship Avenue. Then, Officer Sisak asked plaintiff, the driver, to produce the temporary registration or "pink slip" for the Mercury Sable. Plaintiff failed to do so and informed Officer Sisak that he had recently purchased the Mercury Sable and was using the license plate from a Ford vehicle on the Mercury Sable. Officer Sisak arrested and charged plaintiff with violation of section 7122 of the Pennsylvania Motor Vehicle Code for altered, forged, or counterfeit documents and plates. Officer Sisak then had plaintiff's Mercury Sable towed, confiscated the license plate, and returned the plate to the Pennsylvania Department of Transportation.

Plaintiff was transported to the Allegheny County Jail and eventually, plaintiff was released. On February 14, 2007, plaintiff presented his formal registration for the Mercury Sable

at a hearing, and the charges against plaintiff were dismissed.

B.   The Lawsuit

Plaintiff filed this lawsuit on July 28, 2008. [Doc. No. 1]. Defendants denied all allegations and asserted qualified immunity and improper party identification as affirmative defenses. [Doc. Nos. 3 & 7].

The case proceeded to discovery. Plaintiff initially failed to respond to defendants' interrogatories and requests for production of documents. On June 4, 2009, defendants filed a motion to compel plaintiff's responses to their discovery. [Doc. No. 17]. Plaintiff did not oppose the motion. On June 22, 2009, we granted defendants' motion to compel. [Doc. No. 18]. Pursuant to the court's order, plaintiff responded to defendants' discovery. However, plaintiff produced no evidence in support of his claims. Instead, he simply re-asserted the allegations he made in his complaint.

As to his claims against Officer Sisak and the John Doe Police Officers, plaintiff's discovery responses failed to set forth any evidence to show that he was stopped on the basis of his race.

> Interrogatory No. 7: With regard to your allegation in your complaint that defendant police officers took specific actions because of your race, state: A. Each and every fact upon which you base this conclusion.
>
> Answer: Plaintiff further contends that all of the officers present at least 10, of which all were white, if

5

> just one who was not in someway racially prejudice [sic], he would have pulled Officer Sisak to the side and spoke to him about not arresting the plaintiff. The outcome would have been different.

[Doc. No. 25, at Ex. 2]. In fact, plaintiff admitted that Officer Sisak had the "legal authority" to arrest him.

> Interrogatory No. 6: With regard to the allegations in the complaint that the customs and policies of the City of Pittsburgh Police Department directly and irreparably injured the Plaintiff, state the following: A. Each and every fact upon which you base these conclusions.
>
> Answer: The Plaintiff contends that Officer Sisak, according to the law had a reasonable amount of leeway [sic] in which to handle the situation from giving the plaintiff a ticket to appear in court and I will accept that he had the <u>legal</u> <u>authority</u> to arrest as he did, but the arrest would be at the extreme. Therefore I contend that Officer Sisak and the one officer he conferred with most chose the extreme measure because Plaintiff is black.

[Id.] (emphasis added).

Furthermore, as evidenced by plaintiff's response to the interrogatory above, plaintiff failed to provide evidence for his claim that the Pittsburgh Police Department's customs and policies injured him in any way.

Fact discovery has closed, and as plaintiff readily admits, he failed to conduct any discovery whatsoever. [Doc. No. 32, at pp. 1-2]. On September 30, 2009, defendants jointly moved for summary judgment. [Doc. No. 23]. In that motion, defendants asked this court to grant summary judgment on plaintiff's section

6

1983 claims, or in the alternative, grant Officer Sisak qualified immunity and find that the Pittsburgh Police Department is not a proper defendant in this lawsuit. Plaintiff contends, however, that genuine issues of material fact preclude this court from granting summary judgment in favor of defendants.

III.   STANDARD OF REVIEW

We again note that plaintiff is proceeding pro se. Thus, he is held to a less stringent standard than trained counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "[w]hile 'district courts are counseled to liberally construe pro se pleadings, all parties must follow the Federal Rules of Civil Procedure.'" Riley v. Shinseki, No. 07-233, 2009 WL 2957793, at *4 (W.D. Pa. Sept. 10, 2009) (quoting Thomas v. Norris, No. 02-1854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006)). Thus, plaintiff "still has before him the formidable task of avoiding summary judgment by producing evidence 'such that a reasonable jury could return a verdict for [him].'" Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

7

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"[T]he mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" <u>Anderson</u>, 477 U.S. at 247-48 (emphasis in original). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. <u>Id</u>. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. <u>Id</u>. at 248-49.

The United States Supreme Court has "emphasized, [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (internal quotations omitted) (quoting <u>Matsushita Elec. Indust. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986)).

"A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and requires entry of summary judgment. <u>Celotex</u>

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In other words, in defending against summary judgment, a party cannot simply re-assert the facts alleged in the complaint; instead, he must "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotations omitted).

It is on this standard that the court has reviewed the instant motion for summary judgment and briefs filed in support of and opposition thereto. For the reasons set forth below, the court will grant the motion.

IV. DISCUSSION

    A. Federal Claims

Plaintiff's complaint alleges, pursuant to 42 U.S.C. § 1983, that (1) plaintiff was the victim of racial profiling in the enforcement of motor vehicle laws, which violated his right to equal protection under the Fourteenth Amendment; (2) Officer Sisak illegally searched his vehicle in violation of the Fourth Amendment; and (3) that the Pittsburgh Police was responsible for the racial profiling due to its customs and policies.

    1. Defendants' Proper Party Claim

As an initial matter, the law is clear that a police department is not a proper defendant to a lawsuit. Manolovich v.

Park, No. 08-1746, 2009 WL 1444396, at *2 (W.D. Pa. May 21, 2009). A police department has no separate corporate identity apart from the municipality and, thus, is not a separate entity able to be sued. See Johnson v. City of Erie, 834 F. Supp. 873, 879 (W.D. Pa. 1993) ("The numerous courts that have considered the question of whether a municipal police department is a proper defendant in a section 1983 action have unanimously reached the conclusion that it is not.") (citation omitted).

However, we note that plaintiff brought this suit against Officer Sisak in both his individual and official capacity. [Doc. No. 1, at ¶ 3]. By suing Officer Sisak in his official capacity, plaintiff in essence named the City of Pittsburgh as a defendant in this lawsuit. A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr., 327 F.3d 572, 581 (3d Cir. 2002). In accordance with our obligation to liberally construe plaintiff's pro se complaint, we will assume that plaintiff named the City of Pittsburgh, rather than the Pittsburgh Police, as a defendant in this lawsuit.

2. Substantive Federal Claims

We now turn to the merits of defendants' motion. We will grant summary judgment on all claims because there are no genuine issues of material fact in dispute because of plaintiff's failure to go beyond his pleadings in this case. Although plaintiff attached various documents to his opposition brief, [see Doc. No. 32], these attachments do not create any genuine issue of material

fact. The attachments include documents that were already part of the record, photocopied pages of portions of the Pennsylvania Motor Vehicle Code, the criminal complaint filed against plaintiff in this case, and plaintiff's purchase order and temporary registration or "pink slip" for the Mercury Sable. These documents fail to support plaintiff's legal claims against defendants and in fact, they even refute his claims in some ways. For example, in Officer Sisak's affidavit, which plaintiff attached to his opposition brief, Officer Sisak stated that plaintiff "informed [him] that he recently purchased the vehicle and was using the license plate from [another] vehicle that had been salvaged, and had placed that license plate on [his vehicle]." Officer Sisak further stated that plaintiff "did not have a pink temporary registration slip or any other documentation to indicate a legal transfer." [Doc. Nos. 25 & 32, at Ex. 1].

Where, as in this case, the moving defendants in a summary judgment motion allege the absence of evidence, the nonmoving plaintiff must come forward with evidence in support of his claim. Foley v. Int'l Brotherhood of Electrical Workers Local Union 98 Pension Fund, 91 F. Supp. 2d 797, 813-14 (E.D. Pa. 2000). Plaintiff did not submit any affidavits, deposition testimony, answers to interrogatories, admissions on file, or other evidence to refute any of the statements contained within defendants' undisputed concise statement of material facts. Instead, the

11

unsubstantiated "facts" contained within plaintiff's concise statement of material facts are nothing more than a re-assertion of the allegations set forth in plaintiff's complaint. [Doc. No. 31].

Plaintiff has had ample opportunity to engage in discovery and has chosen not to do so. Instead, plaintiff has set forth absolutely no evidence to substantiate his claims. Without any such evidence, plaintiff's claims simply cannot survive defendants' motion for summary judgment.

Rather than granting summary judgment solely because the instant briefings contain no evidence that would allow a reasonable jury to return a verdict in plaintiff's favor, we have carefully reviewed the entire record for evidence, in deference to plaintiff's pro se status. We considered the following documents filed with this court: (1) the pleadings; (2) Officer Sisak's affidavit [Doc. Nos. 25 & 32, at Ex. 1]; (3) the information that Officer Sisak received indicating that plaintiff's plate was "dead" [Id.]; (4) plaintiff's answers to defendants' discovery [Doc. No. 25, at Ex. 2]; (5) plaintiff's proof of purchase of the vehicle [Doc. No. 33, at Ex. 1]; (6) plaintiff's temporary registration for the vehicle [Doc. No. 33, at Ex. 2]; (7) plaintiff's formal registration for the vehicle [Doc. No. 33, at Ex. 3]; (8) photocopied sections of Pennsylvania's Motor Vehicle Code [Doc. No. 33, at Ex. 4 & 5]; and (9) the criminal complaint against plaintiff [Doc. No. 33, at Ex. 6].

Despite construing the record broadly as supporting any possible violations covered by the Fourth and Fourteenth Amendments and drawing all inferences in favor of plaintiff, we find that none of these documents provide support for any of plaintiff's claims. Plaintiff has failed to show even "[t]he mere existence of a scintilla of evidence" for elements on which he bears the burden of production. Anderson, 477 U.S. at 252. The law is clear that plaintiffs, even if acting pro se, cannot rely on unsupported, unexplained assertions and conclusory allegations in an attempt to survive defendants' summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex, 477 U.S. at 325).

Accordingly, we find that no genuine issues of material fact exist as to plaintiff's federal claims, and defendants are entitled to judgment as a matter of law.[2]

B.  State Law Claims

Having dismissed the federal claims in the lawsuit, we must decide whether to exercise supplemental jurisdiction over plaintiff's state law claims. Where all claims over which the district court has original jurisdiction are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and

---

[2] Because we granted defendants' motion for summary judgment on other grounds, we need not consider whether Officer Sisak is entitled to qualified immunity in this case.

13

fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (1995) (citations omitted). Here, considerations of judicial economy, convenience, and fairness to the parties weigh in favor of the district court exercising its discretion to hear the state law claims. Due to the complete lack of evidence in support of plaintiff's state law claims, no purpose would be served by sending these claims to state court at this stage in the proceedings.

While we recognize that defendants failed to move for summary judgment on plaintiff's state law claims, a district court may grant summary judgment, own its own initiative, so long as the party against whom summary judgment will be entered had notice of possible summary judgment and an opportunity to come forward with relevant evidence to prevent entry of summary judgment. Powell v. Beard, No. 07-2618, 2008 WL 2805663, at *2 (3d Cir. July 22, 2008).

Plaintiff clearly had notice of possible summary judgment on his state law claims and had the opportunity to come forward with relevant evidence as to those claims. He specifically addressed his state law claims in his opposition brief. [See Doc. No. 32 at pp. 7-8]. However, in doing so, plaintiff failed to set forth any evidence in support of his state law claims. Because of the lack of evidence in support of plaintiff's state law claims, we will dismiss them with prejudice.

14

V.   CONCLUSION

Although plaintiff has set forth general allegations for violation of his rights pursuant to the Fourth and Fourteenth Amendments, he has failed to set forth any factual evidence in support of his federal claims. Accordingly, defendants' motion for summary judgment on plaintiff's federal claims will be granted.[3] Because the court has exercised supplemental jurisdiction over plaintiff's state law claims, and plaintiff's state law claims suffer from the same failures as plaintiff's federal claims, plaintiff's state law claims will be dismissed with prejudice.

An appropriate order follows.

---

[3] To date, plaintiff has failed to identify the John Doe Police Officers referenced in his complaint. [Doc. No. 1, at ¶ 15]. This entry of judgment applies to all defendants in this case, including John Doe Police Officers.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES S. STRINGER,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )   Civil Action No. 08-1051
THE PITTSBURGH POLICE,            )
OFFICER DAVID M. SISAK, and       )
Joe Doe Police Officers,          )
                                  )
        Defendants.               )

### ORDER

AND NOW, this 25 day of February, 2010, IT IS HEREBY ORDERED that defendants' motion for summary judgment [Doc. No. 23] as to plaintiff's federal claims is GRANTED. Plaintiff's state law claims for false arrest and malicious prosecution are dismissed with prejudice. IT IS FURTHER ORDERED that plaintiff's motion to amend his complaint [Doc. No. 39] is DENIED as untimely and futile.

The Clerk of Court is directed to mark this case closed.

BY THE COURT

_____, C.J.

cc: All counsel of record